IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE:

KENNY A. PEDIGO and KARIN D. PEDIGO,  No. 11-12916
                                      Chapter 7
              Debtors.
_____
                                      No. 12-1268-SAC
J. MICHAEL MORRIS, Trustee,

              Plaintiff,
    vs.                               Adv. No. 12-5055

CONSUMER LAW ASSOCIATES, L.L.C.,

              Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to withdraw reference and transfer the adversary proceeding to the United States District Court pursuant to D. Kan. Rule 83.8.6(a)(6), Fed. R. Bankr. P. 5011, and 28 U.S.C. § 157(d).  (Dk. 1).  The trustee opposes the immediate withdrawal of the adversary proceeding arguing that the bankruptcy court should retain the case through the pretrial stages, should address any dispositive motions, and should transfer only those matters "truly ripe for jury trial."  (Dk. 2, ¶ 6).  The report and recommendation pursuant to D. Kan. Rule 83.8.6(f) entered by Chief Bankruptcy Judge Robert Nugent suggests the immediate withdrawal of the reference and

transfer of the adversary proceeding to the district court.  (Dk. 6).  Chief Judge Nugent offers:

> Because these adversary proceedings do not implicate the need for bankruptcy expertise and as they will ultimately be tried in the district court, the pretrial process should be completed there.  The district and magistrate judges to whom these cases will ultimately be assigned are likely to prefer early and active involvement in the discovery and pretrial motion practice that will precede the trials in these cases.  The immediate transfer of these cases to the district court prevents the possible duplication of effort on the part of the parties and their counsel and best serves judicial economy.

(Dk. 6, pp. 8-9).

The adversary proceeding brought by the trustee in this bankruptcy case is not unlike adversary proceedings filed in other bankruptcy cases in this district against the defendant, Consumer Law Associates, LLC. ("CLA"), or another named party, Persels & Associates, LLC ("Persels").  *See, e.g.*, *Parks v. Consumer Law Associates, LLC*, No. 12-1113-JTM; *Parks v. Persels and Associates, LLC*, No. 12-1140-KHV; *Morris v. Persels & Associates, LLC*, No. 12-1262-JTM; *Morris v. Persels & Associates, LLC*, No. 12-1270-KHV.  The trustees have filed these adversary actions alleging, *inter alia*, that the debtors received no debt management or settlement benefits for the fees paid to the defendants so the fees are recoverable as fraudulent transfers and that the defendants in these transactions violated the terms of the Kansas Credit Service Organizations Act, K.S.A. § 50-1116, and the Kansas Consumer Protection Act, K.S.A. §§

2

50-626, 50-627.  CLA and Persels have filed demands for jury trial and have not consented to the bankruptcy court conducting the jury trials.

"The right to a jury trial is sufficient cause for withdrawal to the district court where (1) the claims concern matters for which there is a right to a jury trial; (2) a party timely demanded a jury trial; and (3) there is no mutual consent to trial before the bankruptcy court."  *Redmond v. Hassan*, 2008 WL 795740 at *2 (D. Kan. 2008) (citing *In re Hardesty*, 190 B.R. 653, 655 (D. Kan. 1995)).  That the trustee's claims here are subject to the right to a jury trial and that the defendant has timely demanded this right and withheld its consent to proceed before the bankruptcy court provide cause for withdrawal.

The question in dispute is when the reference should be withdrawn.  In the more recent cases, the district courts have taken immediate reference of the adversary cases and then referred them to the magistrate judge for pretrial proceedings.  *See, e.g.*, *Morris v. Persels & Associates, LLC*, No. 12-1262-JTM; *Morris v. Persels & Associates, LLC*, No. 12-1270.  To further uniform handling of these related cases and for the reasons stated in the bankruptcy court's recommendation, the court will accept immediate transfer of this case and refers consideration of all pretrial matters to the magistrate judge.

3

IT IS THEREFORE ORDERED that the defendant's motion to withdraw reference and transfer the adversary proceeding to the United States District Court pursuant to D. Kan. Rule 83.8.6(a)(6), Fed. R. Bankr. P. 5011, and 28 U.S.C. § 157(d) (Dk. 1) is granted;

IT IS FURTHER ORDERED that the court adopts the bankruptcy court's recommendation on this motion (Dk. 6) and overrules the trustee's objection (Dk. 2);

IT IS FURTHER ORDERED that the plaintiff's motion to extend (Dk. 4) is referred to the magistrate judge along with all further pretrial proceedings.

Dated this 22nd day of August, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge